UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CU VAN TRUONG,

                      Plaintiff,

    v.

CITY OF SEATTLE, *et al*.,

                      Defendants.

Case No. C12-0309-MJP-MAT

REPORT AND RECOMMENDATION

On February 22, 2012, plaintiff submitted to the Court for filing a civil rights complaint under 42 U.S.C. § 1983. (*See* Dkt. No. 1.) Plaintiff appeared to allege in his complaint that he was being prosecuted based upon his race and his past history, and that there was insufficient evidence to support the charges being pursued against him. (*Id*.) Plaintiff also alleged that the police had fabricated evidence against him. (*Id*.) Plaintiff identified the City of Seattle, the Prosecutor's Office, and the Seattle Police Department as defendants in the case, and he requested relief in the form of compensatory and punitive damages. (*Id*.)

On March 8, 2012, plaintiff filed an application for leave to proceed with this action *in forma pauperis*. (Dkt. No. 4.) Plaintiff's application was granted on April 17, 2012, and his complaint was filed. (Dkt. Nos. 5 and 6.) On the same date, this Court issued an Order

declining to serve plaintiff's complaint and granting him leave to amend to demonstrate that his claims were cognizable under § 1983. (Dkt. No. 8.) The Court noted in its Order that the allegations set forth in the complaint appeared to arise out of a criminal investigation of plaintiff and an ongoing criminal prosecution in the state courts. (*See id.*) The Court further noted that it appeared likely a decision in plaintiff's favor on the claims asserted in his complaint would call into question the validity of his present confinement and, thus, that plaintiff would have to demonstrate his claims were not barred by *Heck v.* Humphrey, 512 U.S. 477 (1994), before he would be permitted to proceed with this action.[1] (*See id.*) Plaintiff was granted thirty days within which to file an amended complaint demonstrating that his claims were not barred by *Heck*. (*Id.*) To date, plaintiff has not filed an amended complaint.

Because plaintiff failed to file an amended complaint demonstrating that his claims are cognizable in this civil rights action, this Court recommends that plaintiff's complaint, and this action, be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). A proposed order accompanies this Report and Recommendation.

DATED this 6th day of July, 2012.

Mary Alice Theiler
United States Magistrate Judge

---

[1] In *Heck*, the United States Supreme Court held that a § 1983 claim that calls into question the lawfulness of a plaintiff's conviction or confinement does not accrue "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Heck*, 512 U.S. at 489.